QUESTIONS: 1. May a county build and maintain what is commonly called a "cattle gap" across a county-graded road? 2. May an individual run cattle at large across a county-graded road where the exterior boundaries of the property are properly enclosed with fences and the road which intersects the property has cattle gaps at the property line to prevent the cattle from leaving that tract of land?
SUMMARY: There exists no statutory authority for a county to build and maintain a "cattle gap" across a road which comprises a part of the county road system. An individual may not run cattle at large over or upon a county road as long as it is one that is, or may be, maintained by the Department of Transportation. The memorandum submitted in connection with your request indicates that it is controlled by Ch. 335 and ss. 336.60, 588.011(3)(b),588.13(4) and 704.02, F.S. The answer to your first question is in the negative. Section 336.60, F.S., permits a board of county commissioners to authorize the construction and erection of gates across a county road whenever, in the opinion of the county commission, the same will not unnecessarily interfere with the public travel and thereupon prescribe the place where the gate may be placed and the manner of construction and maintenance thereof with the right being reserved to withdraw such permit upon the giving of at least 30 days' notice to the parties to whom the permit was originally granted. Research and study fail to reveal that the term "cattle gap" has been construed to be the equivalent of a gate. Section 588.011(3)(b), F.S., describes a cattle gap as being a part of a legal fence if its construction is at least 6 feet in width and extends to each end of the open construction. Subsection (3) thereof provides that a gate is also a part of a legal fence if all minimum construction requirements are met. As aforesaid, research and study fail to reveal that a cattle gap has been found to be the equivalent of a gate. Chapter 588, F.S., is designed to prohibit the running at large or straying of livestock upon any public roads in the state, and a public road shall constitute a part of a county road system which is a public road as defined in s. 588.13 thereof if the same shall or may be maintained by the state road department. Of interest is s. 704.02, F.S., dealing with the statutory easement described in s.704.01(2), F.S., where provisions are made for the owner of the servient estate to comply with the requirement to grant the way of necessity by erecting a gate or cattle guard in the place where said easement intersects the fence owned by the owner of the dominant estate. The answer to your second question is also in the negative.
Your letter called attention to definition of a public road contained in s. 588.13(4), F.S. A "public road" as defined in said s. 588.13 is as follows: (4) "Public roads" as used herein shall mean those highways within the state which are, or may be, maintained by the department of transportation, including the full width of the right of way. The memorandum mentioned above states that Columbia County has filed a resolution with the Department of Transportation under Ch. 335, F.S., designating certain public roads as secondary roads to be maintained by the department. The law above quoted describes a public road for the purpose of Ch.588, F.S., as being roads "which are or may be maintained by the Department of Transportation." Section 335.01, F.S., defines public roads as being "all public roads open to travel by the public generally," specifically mentioning "the county road systems." It follows, therefore, that there is no authority for the allowing of cattle to roam at large or stray over or upon public roads which are or may be maintained by the Department of Transportation.